[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff Israel Cruz alleges that he was a "tenant and occupant" of an apartment on the premises owned by the defendant Cooper Village, Ltd. Partnership, which owned the apartment building. This injury allegedly was caused by stepping into a drainage basin of dangerous depth and design concealed by overgrowth, located on the lawn of the premises. The plaintiff claims negligent nuisance in the second count of the complaint and absolute nuisance in the third count of the complaint.
The defendant moves to strike the second count and the third count, and so much of the fourth count as claiming nuisance concerning the wife's consortium claim.
The defendant is correct in its assertion that the plaintiff is not claiming a public nuisance. The plaintiff's claims lie in the realm of private nuisance.
The defendant claims that the plaintiff must allege an "ownership interest in the land," apparently relying upon Webelv. Yale University, 125 Conn. 515 (1939). The case does not, however, stand for the proposition that one claiming the benefit of the law of private nuisance must allege a fee ownership in land.
"A private nuisance exists only when one is injured in relation to a right which he enjoys by reason of his ownership of CT Page 13292an interest in land. In the modern authorities it [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." Webel v. Yale University, supra, p. 525.
The plaintiff claims that he is a tenant and occupant of an apartment on the premises. The fact that he is not a fee owner of premises does not exclude him from claiming the benefits of the doctrine of private nuisance.
Generally speaking a landlord reserves control over the common areas of apartment house premises, and hence has the duty to use reasonable care to keep those common portions of the premises in a reasonably safe condition. See Douglas v. 95 PearlStreet Corporation, 157 Conn. 73, 82 (1968). As set forth in paragraph six of count one of the complaint, The plaintiff alleges that the location of the fall was a common area requiring the defendant to use reasonable care to discover defects and to eliminate dangerous conditions. The plaintiff does not allege that the location of the accident was a part and parcel of the premises which were demised to him to him under the terms of the tenancy. Hence, under the status of the pleadings he has not alleged that he has the ownership of an interest in the portion of land which is the specific site of the alleged accident. There are no facts pleaded which could lead to that conclusion, nor is there the assertion of such a factual conclusion.
Parties are capable of entering into agreements whereby a tenant is granted a specific easement to use portions of property which are outside the physical perimeters of the four walls of the demised apartment. No such specific easement is alleged in this complaint. It is also possible, under limited circumstances, that the law may imply an easement of necessity as concerns a part of the premises not demised to the tenant. The law has long recognized an easement of necessity to gain access and egress to land locked property. See Marshal v. Martin, 107 Conn. 32 (1927).
The right to use the common designated approaches to the apartment, i.e. the common passageways have been recognized in at least one instance as being a sufficient interest in the common passageway as to be considered an interest in the nature of an easement, so as to call for the application of the principles of private nuisance. See Jubb v. Maslanka, 22 Conn. Sup. 373
(1961). An earlier Supreme Court case, Stoto v. Waterbury, CT Page 13293119 Conn. 14 (1934) appears to be inconclusive as to whether the doctrine of private nuisance is applicable as concerns passages which provide ingress and egress for the tenant.
The plaintiff has not alleged facts such as to claim that the specific locus of the accident was a locale over which he had the ownership by specific demise or otherwise of an interest in land. Consequently, the motion to strike the second and third counts of the complaint is granted, thereby also requiring a revision of paragraph six of the fourth count to eliminate the claim of nuisance based upon the incorporation of the nuisance counts into that count.
L. PAUL SULLIVAN, J.